UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KERMIT DILLARD YORK, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:17-cv-144-TAV-HBG |
| | ) | 3:15-cr-132-TAV-HBG-1 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Kermit Dillard York has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1].[1] The government has responded [Doc. 6]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and his motion will be denied.

**I.     BACKGROUND**

In September 2015, Petitioner was charged by information with one count of knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) [Doc. 1, No. 3:15-cr-132]. That same day, Petitioner entered

---

[1] All docket citations refer to this civil case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

into a written plea agreement, in which he agreed to plead guilty to the sole count of the information [Doc. 2 at 1, No. 3:15-cr-132]. As a factual basis for his plea, Petitioner agreed that, in August 2013, law enforcement, through a confidential source, conducted a controlled buy of roxycodone from Petitioner at his residence [*Id*. at 2]. Later that day, law enforcement executed a search warrant at Petitioner's residence and located a Taurus .44 magnum pistol, as well as ammunition for the .44 pistol, a bottle of hydrocodone, a bottle of morphine, and $3,883.00 in U.S. currency, which included $100 of marked currency provided by the confidential source during the controlled buy [*Id*.]. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Petitioner and the government agreed that a sentence of 80 months' imprisonment, followed by three years' supervised release was an appropriate disposition of the case [*Id*. at 3]. The plea agreement also contained waivers of Petitioner's rights to directly appeal or collaterally attack his conviction or sentence. [*Id*. at 5]. However, Petitioner's collateral-attack waiver contained exceptions for claims based on prosecutorial misconduct or ineffective assistance of counsel [*Id*.].

In a sentencing memorandum, defense counsel noted that the parties agreed upon the 80-month sentence after conducting "extensive investigation and negotiations," and that the sentence was sufficient, but not greater than necessary to accomplish the factors set out in 18 U.S.C. § 3553(a) [Doc. 11, No. 3:15-cr-132]. The Court ultimately accepted the Rule 11(c)(1)(C) plea agreement and sentenced Petitioner to a total of 80 months' imprisonment and 3 years' supervised release [Doc. 16 at 2-3, No. 3:15-cr-132]. Consistent

with his direct appeal waiver, Petitioner did not file a direct appeal. This timely § 2255 motion followed.

## II. ANALYSIS

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

### A. Claim 1: Ineffective Assistance of Counsel

In his first claim, Petitioner asserts that his counsel was ineffective in failing to negotiate a reasonable sentence [Doc. 1 at 4]. Petitioner asserts that a person pleading guilty to a violation of § 924(c) typically receives a 60-month sentence, but his counsel advised him to accept an 80-month sentence solely because there was ammunition found with the charged firearm [*Id.* at 4]. As discussed above, claims for ineffective assistance

3

of counsel are expressly excepted from the collateral-attack waiver provision in the plea agreement. Accordingly, this claim is not waived, and the Court will address its merit.

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508-09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id*. The Court may address the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id*. at 697.

To show deficient performance, a petitioner must show that counsel's performance fell "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689. To establish prejudice a petitioner must show that "but for [counsel's error,] the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

A criminal defendant has no right to a plea agreement, but, "when the Government chooses to enter into plea negotiations, the Constitution requires that defendants receive

4

effective assistance in navigating that crucial process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 489 (6th Cir. 2018). To show prejudice in a plea negotiation context, a petitioner must show "a reasonable probability that, with proper advice, the outcome of those negotiations would have been different." *Id*. at 489-90.

Petitioner has not raised any arguments in his § 2255 that could be construed as alleging prejudice with regard to this claim. Petitioner merely asserts, without citing any evidence or authority, that individuals pleading guilty to violations of § 924(c) typically receive the mandatory minimum sentence of 60 months. But Petitioner entirely disregards the circumstances of his case. Per the admissions in his plea agreement, Petitioner was arrested and charged with the § 924(c) violation after law enforcement, through a confidential source, conducted a controlled purchase of roxycodone at his residence [Doc. 2 at 2, No. 3:15-cr-132]. Thereafter, law enforcement executed a search warrant on Petitioner's residence, which uncovered the firearm underlying the instant charge, ammunition, several controlled substances, and a significant amount of U.S. currency [*Id*.]. In light of this evidence, the government likely had adequate grounds to charge Petitioner with a separate controlled-substances offense, but declined to do so.

Given this evidence, and the fact that Petitioner was not charged with a controlled-substances offense, there is no evidence that the government would have been willing to agree to a 60-month mandatory minimum sentence on the instant § 924(c) offense. Petitioner has not even alleged that the government may have agreed to such a sentence, and instead, simply attempts to downplay the seriousness of the factual basis for

5

his plea. Because Petitioner has not shown a reasonable probability that, but for the alleged error by counsel, the results of the plea negotiation would have been different, he has not met the prejudice prong of *Strickland*. Accordingly, this claim will be rejected.

### B. Claim 2: Illegal or Unreasonable Sentence

In his second claim, Petitioner argues that his sentence is illegal and exceeds the § 3553(a) factors. [Doc. 1 at 5]. He contends that the 80-month sentence he received was excessive, and the extra 20 months between the mandatory minimum 60-month sentence and the 80-month sentence he received were unnecessary to serve any of the purposes listed in § 3553(a). [*Id.*].

First, Petitioner waived his right to raise this claim in a § 2255 proceeding. A defendant may waive any right, even a constitutional right, if he does so knowingly and voluntarily, and a waiver provision in a plea agreement is enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Petitioner, in his plea agreement, explicitly waived the right to file a § 2255 motion, except for claims of ineffective assistance of counsel or prosecutorial misconduct [Doc. 2 at 5, No. 3:15-cr-132]. This claim does not fall within either of those exceptions.

Moreover, Petitioner's collateral-attack waiver is valid. Petitioner has raised no arguments that challenge the validity of the collateral-attack waiver, such as that he did not knowingly and voluntarily agree to the waiver or that the waiver was the product of ineffective assistance of counsel. *See Acosta*, 480 F.3d at 422 (describing challenges that

6

would relate to the validity of a waiver). Further, as a matter of course, and pursuant to Federal Rule of Criminal Procedure 11, this Court reviews a collateral-attack waiver with a criminal defendant at a change-of-plea hearing, and ensures that the defendant is knowingly and voluntarily waiving his right to collaterally attack his conviction or sentence. *See Davidson v. United States*, No. 2:11-cv-224, 2013 WL 6116688 (E.D. Tenn. Nov. 20, 2013) ("This Court scrupulously complies with Rule 11 of the Federal Rules of Criminal Procedure governing acceptance of pleas and determines whether a defendant understands . . . the rights he is giving up by pleading guilty. This Court also informs a defendant of, and determines that he understands, the terms of any . . . collateral-attack-waiver provision in the plea agreement."). Accordingly, the Court finds that Petitioner's Claim 2 is barred by the valid collateral attack waiver, and therefore, this claim will be rejected.

Furthermore, this claim is procedurally defaulted. "[A] defendant has procedurally defaulted a claim" if he "fail[s] to raise it on direct review." *Bousley v. United States*, 523 U.S. 614, 622 (1998). If a claim is procedurally defaulted, a petitioner may not raise it on collateral review unless he can show cause and prejudice for his failure to raise the claim on direct appeal. *Massaro*, 538 U.S. at 504. This claim, regarding the legality and reasonableness of the sentence imposed, could have been raised on direct appeal but was not. The claim is therefore procedurally defaulted. The analysis ends here because Petitioner does not assert any cause that would excuse the procedural default of this claim. Accordingly, for this alternate reason, Claim 2 will be rejected.

7

### III. CONCLUSION

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter **DENYING** the motion [Doc. 1].

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE